Michael D. ALLEN and
Suzanne T. Allen

v.

UNITED STATES DEPARTMENT OF
AGRICULTURE, FARMERS HOME
ADMINISTRATION.

Civ. A. No. W88–0047(B).

United States District Court,
S.D. Mississippi, W.D.

Oct. 28, 1988.

C.E. Sorey, II, Vicksburg, Miss., for plaintiffs.

David N. Usry, Asst. U.S. Atty., Jackson, Miss., for defendant.

MEMORANDUM OPINION
AND ORDER

BARBOUR, District Judge.

This case is before the Court on a Motion to Dismiss, or Alternatively for Summary Judgment by the United States of America on behalf of the Farmers Home Administration (FmHA). Michael and Suzanne Allen brought this case against FmHA, an unincorporated department of the United States government which is not a legal entity available for suit. However, if this case remained before the Court, Plaintiffs would be allowed, on motion, to amend their complaint to name the United States of America as the proper party defendant and obtain process upon it. The Court takes notice that attorneys for the United States have answered the Complaint, despite its failure of service, and have filed an appropriate motion to dismiss or to grant summary judgment in the case on its merits. The Court finds the motion well taken and will hear the suit for the purpose of disposition of this motion only. The Court has reviewed the pleadings, briefs, affidavits and exhibits submitted by the parties and, finding that no material facts are in issue, grants summary judgment in this case.

On December 2, 1980, Michael Allen and Suzanne Allen received a rural housing loan from the Farmers Home Administration, pursuant to Title 5 of the Housing Act of 1949, 42 U.S.C. § 1472. The Deed of Trust securing the loan was signed on December 2, 1980, by Michael Allen and Suzanne Allen and filed in Warren County on December 3, 1980. It includes a provision on the first page stating: "this instrument

also secures the recapture of any interest credit or subsidy which may be granted to the borrower pursuant to 42 U.S.C. § 1490(a)." Provision 25 of the Deed of Trust states, "This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof." On January 6, 1981, Michael Allen, as borrower, and Suzanne Allen, as spouse, entered into an interest credit agreement with the Farmers Home Administration. This agreement provided that the government would reduce the interest rate on the outstanding note so that the amount due in each of the next 24 months would be reduced by $261.00, a calculation based upon the Allens' income. That agreement contains provisions found directly above the signature of William A. Martin, Jr., FmHA County Supervisor, but not on a page signed by the Allens, which state:

7. At its option the Government may terminate this agreement as of any date specified by it if it determines that ... (b) borrower is able to pay in full the annual installments thereafter becoming due on the note;

and

11. This agreement is subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

On November 24, 1982, the Allens entered into a new interest credit agreement, as they did again on November 13, 1984, October 21, 1985, and October 22, 1986. In each of these agreements, provision XIII states:

XIII. For loans approved or assumed on or after October 1, 1979, any interest credit granted as a result of this agreement shall be subject to recapture by the Government when the property securing the loan is sold, or title to it is transferred, or when it is no longer occupied by the Borrower.

During or after the closing on December 2, 1980, at which the initial interest credit agreement was signed, the Allens were given a copy of Form 427-2, which they both signed. Form 427-2 includes this paragraph on its first page:

*Interest Credit Recapture*

One of the conditions for receiving interest credits on your loan is that *all such credits are subject to being repaid to the Government when the loan account is satisfied by payment in full* or is assumed by another person(s), the property is sold, or is no longer occupied by the borrower(s).

(emphasis supplied by the Court). On the second page, directly over the Allens' signatures is the statement "Your signature indicates this has been discussed with you...." Mrs. Allen signed initially as borrower, but signed again as spouse, and Mr. Allen signed above her first signature as borrower. The form is undated except as to reference of the December 2 meeting. It shows the signature of Mr. Martin for FmHA. The Allens maintain that they do not remember signing the form, that they did not read the form, and that no one discussed its contents with them.

The Allens do not contest the presence of the provisions discussed above in any of the agreements which they have signed. They do, however, maintain that they were unaware of such provisions and that such provisions were not discussed with them at the time of their execution of the documents.

United States Code Title 42, Section 1490a(a)(1)(D), referred to in the Deed of Trust, states that:

... the Secretary shall provide for the recapture of all or a portion of such assistance rendered upon the disposition or nonoccupancy of the property by the borrower. In providing for such recapture the Secretary shall make provisions to provide incentives for the borrower to maintain the property in a marketable condition. Notwithstanding any other provision of law, any such assistance whenever rendered shall constitute a debt secured by the security instruments given by the borrower to the Secretary to the extent that the Secretary may

provide for the recapture of such assistance.

Title 42 is given effect via regulations issued by the Farmers Home Administration, found at 7 C.F.R. § 1951.401, *et seq.*, Recapture of Section 502 Rural Housing Subsidy. Section 1951.406, Recapture of Subsidy, states:

> Subsidy granted on Section 502 Rural Housing initial and subsequent loans and credit sales made or assumed on same or new terms is subject to recapture if the loan, assumption, or credit sale is approved on or after October 1, 1979. The subsidy is to be repaid when (a) the borrower sells, transfers or without the Government's consent does not occupy the property *or requests a release of the Government's lien on the property.* (emphasis added)

Section 1951.407(c) provides further that:

> Borrowers who continue to occupy the dwelling as a permanent residence may pay the principal and interest owed on the loan in full and delay repaying the amount of subsidy owed until the dwelling is sold or no longer occupied by the borrower. In such cases, the amount of subsidy to be repaid will be determined when the principal and interest balance is paid. The mortgage securing the FmHA RH loan(s) will not be released of record until the total amount owed the government is repaid.

In late 1987, the Allens decided to enlarge their home and sought a loan for that purpose from their bank. The bank agreed to lend the Allens enough money not only to pay for their home improvements but also to pay off the amount the Allens understood to be the remaining principal and interest on their FmHA loan. The bank required a first deed of trust on the property which in turn required a cancellation of the FmHA deed of trust. On December 4, 1987, the Allens requested a pay-off amount for their total indebtedness to Farmers Home Administration. In a telephone conversation with Ms. Ruby Boggan, a local officer of FmHA, the Allens were given a loan balance of principal and interest, and were informed to call back when the exact amount was needed. On December 23, 1987, Mr. Allen again called the county office to see if the previous figures were valid. At that time Meredith A. Pierce, the county supervisor for FmHA in Warren County, Mississippi, informed him that the interest credit recapture amount had not been included in the previous figure and that the total amount due would include the recapture amount as well as the principal and interest resulting from the original loan. Mr. Pierce's office sent a letter to the borrower on January 8, 1988, giving the amount of $35,263.05 as the amount necessary to make payment in full. The Allens sent FmHA a check for $30,-696.51, the amount then due less the interest credit, with a restrictive endorsement stating "Endorsement constitutes acceptance as full payment of Note # 428239394"; the check was returned to them on March 4, 1988, by Mr. Pierce. On April 6, 1988, Plaintiffs filed this action pursuant to 28 U.S.C. § 1346(a)(2), initiating their suit against the U.S. Department of Agriculture, FmHA, rather than the United States of America. The Plaintiffs demanded that FmHA accept and credit the payoff on the Plaintiffs' loan as of December 17, 1987, without any monies being applied to the interest credit recapture, and cancel the deed of trust.

Mr. and Mrs. Allen are trying to cancel the deed of trust the government holds to secure their debt. Toward this end, the Allens claim that the regulations of FmHA are inappropriate and that they did not know that they would have to pay back their interest assistance in order to cancel the deed of trust. They also assert that a meeting to explain the consequences of the interest credit agreements required by the regulations at 7 C.F.R. § 1944.34(e) did not occur and that they do not remember receiving a fact sheet which the FmHA says was sent them pursuant to 7 C.F.R. § 1951.413. Plaintiffs do not deny this was sent. The Plaintiffs do not suggest that the regulations issued by Farmers Home Administration have not been otherwise enforced by agents of Farmers Home Administration, or its county office in Warren County, Mississippi.

■ Although Plaintiffs suggest that the recapture provisions of 7 C.F.R. 1951 are an overbroad definition of "disposition," contained in 42 U.S.C. § 1490a, this Court finds that such a definition, inclusive of an end to the lien, is a reasonable explanation and application of that statutory term by the Secretary of Agriculture. It is a general principal of administrative law that, when an agency's reasons for promulgating a regulation are apparent, the reviewing court should ordinarily uphold the regulation even in the absence of a contemporaneous explanation issued by the agency. *United States v. Garner*, 767 F.2d 104 (5th Cir.1985).

Plaintiffs further contend that they were not on notice as to the provisions of their interest credit agreement. Upon review of the affidavits submitted by both Plaintiffs and the United States of America as well as careful review and study of the loan and financing instruments, this Court finds that position to be untenable.

■ The Court agrees with the Allens that there is a gap in the language used in the applications. The documents provide clear notice that the interest credit must be repaid upon divestment of title or cessation of occupancy. Only in the regulations and on form 427–2 is it clearly stated that payment in full of the underlying obligation, or an attempt to buy back the lien, requires recovery of any interest credit still owed. Certainly such a result is logically inescapable upon reflection: there is a debt secured by a general lien; the debt is extended; the lien covers the extension. Even so, the Allens now claim that a purported failure of Mr. Martin to verbally note this possible, if uncommon, chain of events, is a failure of notice required by 7 C.F.R. § 1934.34(e), which states:

(e) *Recapture*. At the applicant interview, the County Supervisor will advise all Section 502 RH applicants that interest credit is subject to recapture. Applicants who receive interest credit will be required to sign a "Subsidy Repayment Agreement" ... at the time the initial interest credit agreement is signed.

For the purpose of considering this summary judgment, the Court accepts as true the Plaintiffs' strongest claims that no applicant interview occurred and no "subsidy repayment fact sheet" was sent as required by 7 C.F.R. § 1951.43. However, a "Subsidy Repayment Agreement" was provided by FmHA and was signed by the Allens. The claim now made by the Allens that they did not read Form 427–2 before signing a statement that they had done so cannot relieve them of knowledge of the information on the form. This Court finds that the Allens were given actual notice of their obligation to repay interest credits "when the loan account is satisfied by payment in full."

Alternatively, the Court notes that the agreements and instruments state in plain language, in a reasonable size and print, that payments made under the interest payment agreements are subject to recapture. Even if the Allens had not been told expressly that recapture would occur before the lien would be cancelled, such a conclusion is the only logical and equitable result. It would be unreasonable to assume that Plaintiffs could now be excused from that obligation through ignorance by choice. The United States has made clear that all the Allens must do to cancel the security the government holds is repay the loans made, including the interest credit. The Allens may not have the deed of trust cancelled until they have done so.

IT IS THEREFORE ORDERED that the Defendant's Motion for Summary Judgment is granted and this matter is hereby dismissed with prejudice.

ORDERED.